MEMORANDUM ***
Appellant challenges his criminal conviction of dealing firearms without a license, a violation of 18 U.S.C. § 922(a)(1)(A). Appellant alleges that there was insufficient evidence to sustain a conviction. We review an insufficiency of the evidence claim for plain error. United States v. Alvarez-Valenzuela, 231 F.3d 1198, 1201 (9th Cir. 2000).
“A challenge to the sufficiency of the evidence requires this court to determine if ‘after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” United States v. Carranza, 289 F.3d 634, 641-42 (9th Cir.2002) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
Section 922(a)(1) of title 18 U.S.C. provides, in pertinent part, that it is unlawful *942 “for any person, except a ... licensed dealer, to engage in the business of ... dealing in firearms.” Section 921(a)(11) explains that a “dealer” is “any person engaged in the business of selling firearms ... at wholesale or retail.” Viewing the evidence in light most favorable to the prosecution, a rational trier of fact could have found the appellant guilty beyond a reasonable doubt. Appellant admitted that he sold somewhere between twenty-three and twenty-five firearms in 2002 and made a profit of approximately $50 per firearm. Appellant further admitted that he was selling guns to make money. Appellant also created a list of all the firearms he remembers selling and the person to whom he sold the firearm. The list contained around fifteen transactions involving eighteen firearms.
Based on the evidence presented, a rational jury could have concluded that appellant was guilty beyond a reasonable doubt.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3.